Filed 4/24/25  P. v. Epps CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087440 |
| Plaintiff and Respondent, | |
| v. | (Kern Super. Ct. No. BF130489A) |
| ZACHARY STEVEN EPPS, | **ORDER MODIFYING OPINION AND DENYING REHEARING** |
| Defendant and Appellant. | [No Change in Judgment] |

**BY THE COURT:**

The opinion herein filed on April 2, 2025, contained a clerical error in the disposition by failing to reference counts 1, 2, 3 and 6.  The Attorney General concedes the error and that the disposition should be modified.  It is ordered that the opinion be modified as follows:

On pages 21 to 22, the second sentence of the **Disposition** is deleted and the following inserted in its place:

The gang conviction (§ 186.22, subd. (a)) on count 8 and the true findings on the gang allegations (§ 186.22, subd. (b)) on counts 1, 2, 3, 4, 6 and 7 are reversed.

Except for the modification set forth, the opinion previously filed remains unchanged.

This modification does not affect a change in the judgment.  The petition for rehearing is denied.

PEÑA, J.

WE CONCUR:


LEVY, Acting P. J.


SMITH, J.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY STEVEN EPPS,<br><br>Defendant and Appellant. | F087440<br><br>(Super. Ct. No. BF130489A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Darren Indermill, Kari Mueller, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 2010, defendant Zachary Steven Epps was convicted by a jury of conspiracy to commit a kidnapping (Pen. Code, §§ 182, subd. (a)(1), 209, subd. (b)(1)); kidnapping to

commit a robbery (§ 209, subd. (b)(1)); kidnapping during a carjacking (§ 209.5, subd. (a)); assault with a deadly weapon (§ 245, subd. (a)(1)); dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); possession of a deadly weapon with intent to dissuade a witness (§ 136.5); and active participation in a criminal street gang (§ 186.22, subd. (a)). (Undesignated statutory references are to the Penal Code.)  In a bifurcated trial, the trial court found true the allegation that defendant had two prior prison terms (§ 667.5, former subd. (b)).  Defendant was sentenced to 45 years to life.

In 2023, defendant petitioned for resentencing pursuant to section 1172.75.  The trial court struck the two prison prior enhancements, all but one weapon enhancement, and resentenced defendant to 39 years to life.

On appeal, defendant contends:  (1) he is entitled to retroactive application of Assembly Bill No. 333 (2021−2022 Reg. Sess.) (Assembly Bill 333) requiring reversal of his gang conviction and enhancements and a remand for further proceedings, and any failure to raise this issue before the trial court constitutes ineffective assistance of counsel; (2) the court failed to recognize it had the authority to address the gang enhancements pursuant to section 1385, subdivision (c) and should have dismissed all but one of the enhancements under that statutory subdivision; (3) the court was unaware of its discretionary power to strike certain gang allegations under section 186.22, and the matter must be remanded for the court to exercise its discretion, and any failure to raise this issue before the trial court constitutes ineffective assistance of counsel; and (4) the abstract of judgment must be corrected as to the gang enhancement on one count to align with the court's oral pronouncement of sentence.  The Attorney General agrees the abstract of judgment must be corrected but otherwise disputes defendant's contentions and argues the judgment should be affirmed.

We conclude the amendments to section 186.22 made by Assembly Bill 333 apply retroactively because defendant's judgment was not final following recall of his sentence.

2.

We therefore reverse defendant's gang conviction and enhancements and remand for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND[1]

In 2010, the Kern County District Attorney filed an information against defendant and two codefendants, Jose Franco Cardenas and Jenna Lee Campbell, charging defendant with: conspiracy to commit a kidnapping (§§ 182, subd. (a)(1), 209, subd. (b)(1); count 1); kidnapping to commit a robbery (§ 209, subd. (b)(1); count 2); kidnapping during a carjacking (§ 209.5, subd. (a); count 3); assault with a deadly weapon (§ 245, subd. (a)(1); count 4); criminal threat (§ 422; count 5); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 6); possession of a deadly weapon with intent to dissuade a witness (§ 136.5; count 7); and active participation in a criminal street gang (§ 186.22, subd. (a); count 8). All counts alleged that defendant served two prior prison terms (§ 667.5, subd. (b)). All counts other than the count 4 assault with a deadly weapon and the count 7 possession of a deadly weapon with intent to dissuade a witness alleged that he personally used a weapon, to wit, a knife (former § 12022, subd. (b)(2), as amended by Stats. 2004, ch. 494, § 3). All counts other than the count 8 criminal street gang charge included a criminal street gang allegation (§ 186.22, subd. (b)).

A jury found defendant guilty on all counts except count 5 on which the jury deadlocked, and the trial court declared a mistrial. The jury found true the weapon and gang enhancements. On July 26, 2010, after a bifurcated trial, the court found true the two prison prior allegations.

On December 17, 2010, the trial court sentenced defendant to 45 years to life consisting of: on count 2, 15 years to life plus two years for the two prison prior

---

[1]We grant the Attorney General's request for judicial notice of our nonpublished opinion in defendant's prior appeal, *People v. Epps* (Feb. 9, 2012, F061610) (*Epps*), because the opinion is relevant to this case. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)

3.

enhancements and two years for the weapon enhancement, all consecutive; on count 3, 15 years to life plus two years for the prison prior enhancements (stayed) and two years for the weapon enhancement, consecutive to count 2; and on count 6, seven years to life plus two years for the prison prior enhancements (stayed) and two years for the weapon enhancement, consecutive to count 3. The court also imposed but stayed pursuant to section 654 the following: on count 1, 15 years to life plus two years for the prison prior enhancements and two years for the weapon enhancement; on count 4, the upper term of four years plus five years for the gang enhancement and two years for the prison prior enhancements; on count 7, the upper term of three years plus four years for the gang enhancement and two years for the prison prior enhancements; and on count 8, the upper term of three years plus two years for the weapon enhancement.

In *Epps*, *supra*, F061610, defendant challenged the gang expert testimony, the personal weapon use enhancements, some of the prior prison term enhancements, and the accuracy of the abstract of judgment. On February 9, 2012, this court ordered the following modifications to the judgment: strike the personal weapon use enhancements on counts 1, 2 and 6 to 8 (former § 12022, subd. (b)(2)), impose a one-year personal weapon use enhancement on counts 2 and 6, impose and stay a one-year personal weapon use enhancement on count 8 (former § 12022, subd. (b)(1)) and strike the prison prior enhancements on all counts but count 2. The matter was remanded for issuance of a modified judgment and correction of errors to the abstract of judgment, but the judgment was otherwise affirmed. (*Epps*, *supra*, F061610.)

On August 22, 2012, an amended abstract of judgment was issued reflecting the modifications ordered in *Epps*.

In 2023, defendant, through counsel, petitioned for resentencing pursuant to Senate Bill No. 483 (2021−2022 Reg. Sess.) (Senate Bill 483). In addition to striking his two prison prior enhancements, defendant asked the trial court for dismissal of all but one weapon enhancement, reduction of the sentence from the upper term to the middle term

4.

on counts 4, 7 and 8, and dismissal of the gang enhancement on count 6. Defendant attached to his petition documentation of his rehabilitation during his imprisonment. The prosecution did not file a responsive motion to defendant's petition.

On November 9, 2023, the trial court held a resentencing hearing. The court stated: "I don't know what happened at the trial. I don't know what facts were presented or who represented who. But I am bound by the findings that the jury made. And then I'm also bound by the law and the requirements that the law has for these particular charges." The prosecutor requested the court uphold defendant's sentence as allowed by the law and as modified by new changes in the law. The court acknowledged it was prohibited from imposing the upper term unless the aggravating circumstances had been pled and proven to a jury, which had not occurred. The court recalled defendant's sentence and noted the prison priors would be stricken. The court recognized what defendant had "done while in custody [was] admirable," including dropping out of a gang and staying out of trouble. The court concluded: "[T]here's only so much that I can do because the law imposes certain punishments for certain crimes that I am bound by and I cannot change regardless of how well a person is doing or whether they're doing worse. [¶] Certain—there's a particular sentencing scheme that I cannot deviate from. [¶] I will exercise my discretion under … Section 1385[, subdivision (c)(2)(B)] to strike multiple enhancements. [¶] While the facts of the case are egregious, the defendant has completed his GED as well as several classes and programs which he began to participate in since at least 2016, maybe even prior to that." In addition to the two prison priors, the court struck the weapon enhancement on counts 2 and 6. The court resentenced defendant to 39 years to life consisting of: on count 2, 15 years to life; on count 3, 15 years to life plus two years for the weapon enhancement (§ 12022, subd. (b)(2)) to be served consecutively; and on count 6, seven years to life to be served consecutively. The court imposed but stayed pursuant to section 654 the following: on count 1, 15 years to life; on count 4, the middle term of three years plus five years for the gang enhancement

5.

(§ 186.22, subd. (b)(1)); on count 7, the middle term of two years plus four years for the gang enhancement (§ 186.22, subd. (b)(1)); and on count 8, the middle term of two years. Though the court pronounced the gang enhancement on count 7 was pursuant to section 186.22, subdivision (b)(1), the amended abstract of judgment issued on November 15, 2023, cites section 186.22, subdivision (b)(4) for the enhancement on that count.

Defendant filed a timely notice of appeal.

## FACTUAL BACKGROUND

The summary of facts of the underlying offenses is incorporated from *Epps*, *supra*, F061610. The evidence established that Casey C., at defendant's request, gave defendant, Campbell, and Cardenas a ride to buy drugs at a house in Lamont, where defendant and Cardenas talked with some people for about half an hour. Casey, who expected to be paid for driving, drove the three to an intersection where he intended to drop them off, but defendant and Cardenas put knives to his throat and his side. Alluding to his stealing some of Casey's personal property and driving Casey's car about a week before, defendant said, "I heard you're ratting on me," and ordered Casey out of the driver's seat and into the passenger seat. As defendant drove to a credit union, Cardenas threw Casey's cell phone away. At the credit union, defendant and Cardenas demanded Casey's wallet and PIN. Cardenas used Casey's ATM card to withdraw cash. Defendant drove to a gas station, where Cardenas used the cash to pay for the gas. Defendant and Cardenas threatened to kill Casey and his family if he were to call the police. After defendant drove to a mall, he, Cardenas, and Campbell got out, took Casey's shoes and some other items from the trunk, and left in another vehicle. Officers arrested Cardenas inside the other vehicle and arrested defendant and Campbell inside a nearby motel room, where they seized Casey's wallet, shoes, ATM receipt, and some other items. (*Epps*, *supra*, F061610.)

A gang expert testified the Peckerwoods were a criminal street gang in Bakersfield with a White supremacist ideology, and the Colonia Bakers were a Bakersfield subset of

6.

the Sureño criminal street gang; defendant was an active member of the former, and Cardenas was an active member of the latter. The parties stipulated defendant and Cardenas were inmates in the same prison at the same time. The gang expert testified about a "loose alliance" of White prison gangs and Sureño prison gangs that sometimes extends to the streets and, in reply to a hypothetical question, he opined that the charged offenses were committed for the benefit of both gangs. (*Epps*, *supra*, F061610.)

**DISCUSSION**

## I. Resentencing Proceedings Under Section 1172.75

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Section 667.5, subdivision (b) was amended effective January 1, 2020, to eliminate prior prison term enhancements for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, Senate Bill 483 added former section 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 3), later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12), to make this change retroactive. (While not relevant to the issues raised on appeal, section 1172.75 was further amended to add subdivision (f), effective January 1, 2025 (Stats. 2024, ch. 979, § 2).)

Pursuant to section 1172.75, if the sentencing court determines the defendant's judgment includes a now invalid prison prior enhancement, the court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "The statute provides specific instructions for the resentencing under section 1172.75." (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would

7.

endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)  The court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)  "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)  The court must appoint counsel to the defendant. (*Id.*, subd. (d)(5).)

## II.    Section 186.22 and Assembly Bill 333

In 1988, the Legislature enacted the California Street Terrorism Enforcement and Prevention Act (STEP Act or Act; § 186.20 et seq.) "to eradicate 'criminal activity by street gangs.'" (*People v. Valencia* (2021) 11 Cal.5th 818, 828.)  Among other things, the Act created the substantive offense of active participation "in a criminal street gang" (186.22, subd. (a)), and a sentencing enhancement for a felony committed "for the benefit of, at the direction of, or in association with a criminal street gang" (§ 186.22, subd. (b)(1)). (See *Valencia*, at p. 829.)

Effective January 1, 2022, Assembly Bill 333 made several changes to the criminal street gang laws. "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' (§ 186.22, subd. (g).) [¶] Finally, Assembly Bill 333 added section 1109, which requires, if requested by the defendant, a gang enhancement charge to be tried separately from all other counts that do not otherwise require gang evidence as an element of the crime." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)

"Previously, a defendant who had committed an offense to benefit the reputation of a criminal street gang, but with no other benefit, was subject to the enhancement." (*People v. Sek* (2022) 74 Cal.App.5th 657, 667.) As amended by Assembly Bill 333, section 186.22, subdivision (g) now requires the prosecution to show that "the common

benefit [to the gang] is more than reputational."[2] "The law thus redefines the enhancement for the benefit of the defendant." (*Sek*, at p. 667.)

## A.    Retroactivity

Defendant argues his judgment became nonfinal when his sentence was vacated under section 1172.75, and he was entitled to retroactive application of the ameliorative changes made to section 186.22 by Assembly Bill 333. The Attorney General does not dispute that Assembly Bill 333 applies retroactively to judgments that are not yet final but argues the findings on the gang allegations were final despite resentencing. The Attorney General further contends defendant forfeited this claim because counsel before the trial court did not argue defendant deserved a new trial on the gang offense and allegations, and defendant's counsel was not ineffective for failing to raise the claim.

Preliminarily, defendant concedes that although his counsel asked the trial court to dismiss all gang enhancements but one, counsel did not raise the issue of application of Assembly Bill 333. Defendant argues if the issue was forfeited for failure to raise it before the trial court, he received ineffective assistance of counsel. Despite counsel's failure to raise the issue below, we will exercise our discretion to address the issue on the merits in the interests of justice and to forestall defendant's claim of ineffective assistance of counsel. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [an appellate court has authority to reach a forfeited claim]; *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing court may exercise discretion to consider forfeited claims to forestall ineffective assistance of counsel arguments].) Though we do not discern a tactical reason for failure to raise the issue of retroactive application of Assembly Bill 333, counsel's failure to raise the issue is understandable given the unsettled nature of the law.

_____

[2]Section 186.22, subdivision (g) states that "[e]xamples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant."

Under *Estrada*, ameliorative changes to criminal statutes apply to all cases not final on appeal absent contrary legislative intent. (*In re Estrada* (1965) 63 Cal.2d 740, 744–745.) "The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses." (*People v. Nasalga* (1996) 12 Cal.4th 784, 792.)

In *Tran*, our Supreme Court held that the changes to the elements of a section 186.22 gang enhancement apply retroactively pursuant to *Estrada*. (*Tran*, *supra*, 13 Cal.5th at pp. 1206–1207.) The court explained that "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions,'" and "'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22.'" (*Tran*, at p. 1207.) The court concluded the changes wrought by Assembly Bill 333 "have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants." (*Ibid*.) Accordingly, affected defendants were entitled to the ameliorative effects of Assembly Bill 333.

Both defendant and the Attorney General argue *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*) supports their position. In *Padilla*, the Supreme Court addressed if Proposition 57 applied to a juvenile's resentencing. Proposition 57, an initiative passed by the voters, requires all criminal charges against minors be filed in juvenile court and mandates a transfer hearing to determine if a juvenile may be tried in adult criminal court. (*Id.* at p. 159; Welf. & Inst. Code, § 707, subd. (a)(1).) The Supreme Court had previously held the *Estrada* presumption applied to Proposition 57 as ameliorative legislation that reduced the possible punishment to juveniles. (*Padilla*, at p. 160, citing *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 309.) Padilla was sentenced to life imprisonment without the possibility of parole in adult criminal court before Proposition 57 was passed but his sentence was vacated on habeas corpus. Padilla argued he was entitled to a transfer hearing when he was resentenced after Proposition 57 became

effective because his sentence became nonfinal when it was vacated. (*Padilla*, at p. 159.) The *Padilla* court explained that "[a] case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on direct review.'" (*Id.* at p. 161.) The court concluded Padilla's judgment was nonfinal because "[w]hen Padilla's sentence was vacated, the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and Padilla regained the right to appeal whatever new sentence was imposed." (*Id.* at pp. 161–162.) The court found *Estrada* makes no distinction between cases that are nonfinal because the defendant is undergoing retrial or resentencing and cases "'not yet final on initial review'" as the Attorney General had posited. (*Padilla*, at p. 162.) For purposes of *Estrada*, a "judgment becomes final '"where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed."'" (*Padilla*, at p. 162.) "But once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id.* at p. 163.) Accordingly, there was no final judgment to attack when Padilla's new sentence was imposed because his prior sentence had been vacated. (*Ibid.*)

Defendant rightly predicts the Attorney General will argue Assembly Bill 333 does not apply retroactively to his case based on the following language in *Padilla*: "[T]he right and remedy we recognize today does not allow Padilla to raise claims unrelated to his sentence. The relief that applies to him is the same as what we approved in [*People v. Superior Court (Lara)*, *supra*, 4 Cal.5th 299] for juveniles whose cases were pending when that measure passed: He must receive a transfer hearing in a juvenile court, where the court will decide whether criminal adjudication is appropriate for the murder of his mother and conspiracy to kill his stepfather. Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt." (*Padilla*, *supra*, 13 Cal.5th at pp. 169–

12.

170.)  The Attorney General argues this discussion in *Padilla* demonstrates that "vacating a defendant's sentence renders that 'part of his judgment' nonfinal, not the part of his judgment involving his convictions and, by parity of reasoning, the truth of his sentence-enhancement allegations."

Before defendant filed his opening brief, the Courts of Appeal had reached differing conclusions about the applicability of Assembly Bill 333 in varying resentencing contexts.  (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378 [Assem. Bill 333 applied to a § 1172.1 resentencing]; *People v. Trent* (2023) 96 Cal.App.5th 33, 44, review granted Dec. 20, 2023, S282644 [Assem. Bill 333 applied to a § 1172.6 resentencing]; *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1139–1140, review granted Feb. 21, 2024, S283474 [Assem. Bill 333 applied where defendant's sentence was vacated and matter remanded for full resentencing]; cf. *People v. Lopez* (2023) 93 Cal.App.5th 1110, 1118–1119, review granted Nov. 15, 2023, S281488 [the trial court had no jurisdiction to apply Assem. Bill 333 due to reviewing court's limited remand].)  Our Supreme Court granted review of the Court of Appeal's opinion in *Lopez* and its opinion was still pending at the time briefing was completed in this appeal.  Defendant's appellate counsel notified this court the Supreme Court had issued its opinion in *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*).  Because *Lopez* is relevant to the issues here, we discuss it in detail.

In *Lopez*, the defendant was convicted of first degree murder and other offenses with true findings on enhancement allegations, including that he committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  (*Lopez*, *supra*, 17 Cal.5th at p. 393.)  On appeal, the Court of Appeal modified the sentence and conditionally reversed.  The matter was remanded "for further sentencing pursuant to Senate Bill Nos. 620 (2017–2018 Reg. Sess.) and 1393 (2017–2018 Reg. Sess.), which expanded the trial court's authority to strike or dismiss certain enhancements in the furtherance of justice under section 1385."  (*Lopez*, at p. 393.)  At the defendant's

13.

resentencing in 2022, the trial court declined to apply Assembly Bill 333 on the ground that his conviction was final. In the defendant's second appeal, a divided panel of the Court of Appeal concluded Assembly Bill 333 applied retroactively, but the trial court had no jurisdiction to address the defendant's gang enhancements due to the reviewing court's limited remand for resentencing. (*Lopez*, at p. 394.) The Supreme Court "granted review to decide whether a defendant is entitled to retroactive application of Assembly Bill 333 where an appellate court has affirmed the underlying conviction but sentencing issues remain pending." (*Ibid*.)

The *Lopez* court observed that "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.'" (*Lopez*, *supra*, 17 Cal.5th at pp. 394–395.) The court "presume[s] ameliorative changes to the law '"extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not."' [Citation.] '[T]he range of judgments affected by *Estrada* is delimited by constitutional constraints.'" (*Id*. at p. 395.) In determining whether a judgment is final for *Estrada* purposes, the "finality 'inquiry focuse[s] on whether the criminal prosecution or proceeding *as a whole* is complete' [citation]—'i.e., when "'the last word of the judicial department with regard to a particular case or controversy'" has issued.'" (*Lopez*, at p. 395.) "For *Estrada* purposes, the 'judgment' means the '"judgment of conviction"' and the sentence." (*Ibid*.) The court concluded that "[a] case is final when 'the courts can no longer provide a remedy to a defendant on direct review.'" (*Ibid*.)

The *Lopez* court confirmed the substantive changes to section 186.22 made by Assembly Bill 333 apply retroactively under *Estrada*. (*Lopez*, *supra*, 17 Cal.5th at pp. 395–396.) In determining if Lopez specifically was entitled to retroactive application of Assembly Bill 333, the court found "there is no '"constitutional obstacle"' [citation] to requiring retroactive application of ameliorative laws where a criminal conviction has been affirmed on direct appeal but sentencing issues remain pending on remand before

the superior court." (*Lopez*, at p. 397.) The court rejected the Attorney General's argument that part of Lopez's judgment, specifically, his judgment of conviction, was final, but other parts were nonfinal. The court observed this conclusion in *People v. McKenzie* (2020) 9 Cal.5th 40, 46: "In criminal actions, the terms 'judgment' and '"sentence"' are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence." Based on this principle, the *Lopez* court concluded that "when any aspect of a case is on appeal from sentencing, the 'case' or 'prosecution' has not been reduced to final judgment for *Estrada* purposes." (*Lopez*, *supra*, at p. 397.) Lopez was thus entitled to the ameliorative application of Assembly Bill 333 because he had not yet exhausted his remedies on direct appeal when Assembly Bill 333 became effective.

Like the Attorney General does here, the Attorney General in *Lopez* relied on *Padilla* to argue a judgment can have final and nonfinal parts. (*Lopez*, *supra*, 17 Cal.5th at p. 398.) The *Lopez* court explained that it "used the phrase 'nonfinal part' [in *Padilla*] to distinguish the portion of Padilla's judgment that remained undisrupted by the retroactive application of the ameliorative law (Prop. 57). *Padilla* did not create bifurcated judgments or otherwise alter the premise that '"judgment of conviction"' and 'sentence' are understood generally as synonymous in criminal actions. [Citation.] Nor did it change the principle that, for purposes of *Estrada*, '[t]he cutoff point for application of ameliorative amendments is the date when the entire case or prosecution is reduced to a final judgment.'" (*Lopez*, at p. 399.) The court concluded by holding that "Lopez's case 'does not come near whatever limits there may be on the power of lawmakers to impose their commands retroactively.' [Citation.] Because *Estrada* requires ameliorative legislation to be applied as broadly as constitutionally permissible, and because Lopez's judgment was not reduced to a final disposition, his case is not final for purposes of *Estrada*. Accordingly, he is entitled to retroactive application of Assembly Bill 333's substantive changes." (*Lopez*, at p. 400.)

15.

### B.    Analysis

Defendant's sentence was vacated when the trial court recalled his sentence under section 1172.75.  (*People v. Arias* (2020) 52 Cal.App.5th 213, 219 ["recall of [the defendant's] sentence effectively vacate[s] his original sentence and commitment"].)  Once defendant's sentence was vacated, the trial court had jurisdiction to resentence him to a new sentence.  (*Padilla*, *supra*, 13 Cal.5th at p. 163 ["once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"].)  Defendant "regained the right to appeal whatever new sentence was imposed," and his judgment became nonfinal for *Estrada* purposes.  (*Padilla*, at pp. 161–162.)  Because Assembly Bill 333 applies retroactively to all nonfinal judgments under *Estrada*, defendant was entitled to the ameliorative effects of Assembly Bill 333 at resentencing.  (*Lopez*, *supra*, 17 Cal.5th at pp. 396–400; *Tran*, *supra*, 13 Cal.5th at pp. 1206–1207.)

By its opinion in *Lopez*, our Supreme Court rejected the same argument the Attorney General advances regarding defendant's appeal.  Namely, the notion that portions of a judgment may be final while other portions of a judgment are nonfinal based on the cited language in *Padilla*.  Given this conclusion, the Attorney General's argument the jury's findings on the gang allegations against defendant were final despite resentencing is without merit.[3]

The Attorney General cites *People v. Wilson* (2023) 14 Cal.5th 839 as "additional support for the conclusion that guilt and punishment are untethered when retroactively

---

[3]Prior to the Supreme Court's opinion and in direct conflict with the underlying Court of Appeal opinion in *Lopez*, this court in *Mitchell* had similarly rejected the Attorney's General's "assertion that the issue of [the defendant's] guilt is final even though the validity of [the defendant's] sentence is still being adjudicated."  (*People v. Mitchell*, *supra*, 97 Cal.App.5th at pp. 1140–1141, review granted.)  This court did "not read *Padilla* as creating bifurcated judgments in the manner [the Attorney General] now advocates—especially for a criminal matter, such as this one, that never had its sentence reduced to a final judgment."  (*Mitchell*, at p. 1140.)

applying new laws to final judgments." The *Lopez* court explained why *Wilson* did not address the issue of finality under *Estrada*: "In *Wilson*, Wilson sought retroactive application of an ameliorative law—section 1172.6, subdivision (g)—to his capital case. [The court] considered whether Wilson could use that procedural mechanism to challenge the validity of his murder conviction on direct appeal when that mechanism is only available to individuals whose 'conviction is not final.' (§ 1172.6, subd. (g); see *id.*, subds. (a)–(f) [postconviction procedural mechanism].) [The court] observed Wilson's case involved a complicated procedural posture: although Wilson's judgment following a penalty retrial was pending on direct appeal, [the court] had affirmed Wilson's murder conviction nearly 15 years before in his first appeal. [Citation.] While [the court] surmised Wilson's murder conviction 'appear[ed] to have become final' with our prior affirmance of his murder conviction [citation], [the court] declined to resolve the issue and applied section 1172.6, subdivision (g) to Wilson's case. [Citation.] *Wilson* addressed the meaning of a final 'conviction' as provided in section 1172.6 rather than the meaning of finality for purposes of *Estrada*." (*Lopez*, *supra*, 17 Cal.5th at pp. 397–398.)

The Attorney General criticizes published cases where the Courts of Appeal have concluded in other resentencing contexts (like in *Trent* and *Salgado*) as creating a "new rule" that "aspects of guilt may be relitigated pursuant to the *Estrada* retroactivity doctrine when a defendant's judgment was previously final." But the *Lopez* court "presume[d] the Legislature was aware that retroactive application of Assembly Bill 333 would result in the retrial of gang offenses and enhancements," and observed the Legislature could have avoided such retrials by limiting retroactivity. (*Lopez*, *supra*, 17 Cal.5th at p. 399.) In the absence of any such limiting language, we discern no bar to a retrial of the gang allegations where the defendant's sentence has been recalled under section 1172.75, and Assembly Bill 333 applies retroactively because the defendant's judgment is not final.

The Attorney General also argues the trial court's jurisdiction under section 1172.75 is limited to addressing the now invalid prison prior enhancements, but the court does not also regain jurisdiction to modify other parts of the judgment. We disagree.

Generally, "when a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.'" (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568, quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893.) Our Supreme Court has explained that the "full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) Section 1172.75, subdivision (d)(2) mandates the court at resentencing "apply *any other changes in law* that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Italics added.) By this broad mandate, the Legislature did not so limit the court's jurisdiction to striking the prison prior enhancements because the court also has jurisdiction, and indeed is required, to apply any other changes in law when resentencing a defendant under section 1172.75.

## C.    Application of Assembly Bill 333

Defendant argues if Assembly Bill 333 applies retroactively, the proper remedy is to vacate the gang charge and enhancements because Assembly Bill 333 requires proof of additional elements with respect to predicate offenses, and the record does not disclose evidence sufficient to establish the new proof requirements under section 186.22. Defendant acknowledges the prosecution may retry the gang allegations on remand. The Attorney General does not respond to defendant's claim regarding the sufficiency of the evidence but concedes Assembly Bill 333 "significantly modified section 186.22."

Preliminarily, we note that defendant's opening brief argued retroactive application of Assembly Bill 333 required reversal of the gang enhancements, but did not specifically argue for reversal of the conviction on the substantive gang offense for count 8. In defendant's reply brief, he argues Assembly Bill 333 mandates reversal of both the substantive gang offense conviction and enhancements. Ordinarily, points raised for the first time in a reply brief are not considered "because such consideration would deprive the respondent of an opportunity to counter the argument." (*American Drug Stores*, *Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.) However, the Attorney General's responsive brief reflects an understanding defendant was seeking reversal of both the gang conviction *and* the enhancements under Assembly Bill 333, and the Attorney General responded with argument consistent with that understanding.[4] This understanding is logical because the relevant changes enacted by Assembly Bill 333 apply to both the substantive offense for active gang participation and a gang enhancement imposed under section 186.22. (See § 186.22, subds. (e)(1), (g) ["As used in this chapter …"].) Given defendant did argue in his opening brief the point that Assembly Bill 333 applies retroactively to the judgment, and the Attorney General countered the argument by discussing both the substantive gang offense and enhancements, we exercise our discretion to consider the merits of Assembly Bill 333 as applied to both. (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1051, fn. 11 ["An appellate court may properly exercise its discretion to consider a contention raised in a reply brief when the respondent fully briefed the issue in the respondent's brief and, therefore, is not deprived of an opportunity to address the issue"].)

---

[4]Specifically, the Attorney General avers that trial counsel did not argue defendant "deserved a new trial on the gang allegations (§ 186.22, subd. (b)) and gang offense (§ 186.22, subd. (a)) …." The Attorney General also argues "the changes to section 186.22 do not affect the gang conviction or the true findings on [defendant's] gang allegations."

19.

The jury's findings on the gang allegations were made prior to the changes to section 186.22 and without the benefit of jury instructions on the elements added by Assembly Bill 333. We cannot on this record find this error was harmless. (*Tran*, *supra*, 13 Cal.5th at pp. 1207, 1209 [when the substantive elements of an offense are changed and the jury is not instructed on the proper elements, reversal is required unless the error is harmless pursuant to *Chapman v. California* (1967) 386 U.S. 18].) The Attorney General does not argue the evidence was sufficient to support the gang conviction or enhancements under the new evidentiary requirements, and *Epps* indicates the prosecution relied on the currently charged offenses to establish a pattern of gang activity, which is no longer permissible (§ 186.22, subd. (e)(2)). (*Epps*, *supra*, F061610.)[5] Therefore, the gang conviction and enhancements must be reversed.

On remand, the prosecution may retry the gang allegations if it chooses to do so. (*People v. Sek*, *supra*, 74 Cal.App.5th at pp. 669–670.) Following any retrial or if the prosecution chooses not to retry the gang allegations, the trial court must conduct a full resentencing.

## III. Defendant's Remaining Claims of Error

Defendant also argues the trial court failed to recognize and apply its discretion to strike the gang enhancements on counts 4 and 7. Defendant contends the court was required to consider and give great weight to the mitigating factors in section 1385, subdivision (c), as amended by Senate Bill No. 81 (2021−2022 Reg. Sess.), when considering whether to reduce his sentence. Defendant claims the court should have dismissed all but one of the enhancements under that statutory subdivision. Additionally,

---

[5]Defendant inaccurately claims he argued in his original appeal there was insufficient evidence to support the gang enhancements. Defendant's only claim regarding the gang allegations in *Epps* was that the trial court improperly allowed the prosecutor to elicit opinion evidence from the gang expert by asking hypothetical questions. (*Epps*, *supra*, F061610.) But the hypothetical questions asked of the expert as discussed in *Epps* indicate the prosecution relied at trial on the currently charged offenses to establish a pattern of gang activity.

20.

defendant asserts the court was unaware of its discretionary power to strike certain gang allegations under section 186.22, and the matter must be remanded for the court to exercise its discretion, and any failure to raise this issue before the trial court constitutes ineffective assistance of counsel.

Because we are reversing the gang conviction and enhancements and remanding for a full resentencing, defendant's other claims of error are moot. Upon resentencing, defendant may raise his claims regarding how the court should exercise its discretion in selecting his sentence.[6]

Notably, while defendant's appeal was pending, the Legislature enacted Assembly Bill No. 2483 (2023−2024 Reg. Sess.) adding section 1171 to the Penal Code. (Stats. 2024, ch. 964, § 2.) Effective January 1, 2025, section 1171 provides that in a "'postconviction proceeding'" pursuant to an ameliorative statute, including section 1172.75 the court "shall consider any pertinent circumstances that have arisen since the prior sentence was imposed and has jurisdiction to modify every aspect of the defendant's sentence" (§ 1171, subd. (c)(2)) unless doing so conflicts with a more specific statutory rule (§ 1171, subd. (c)) or is prohibited by an initiative statute (§ 1171, subd. (e)). Accordingly, upon remand and after any retrial on the gang allegations, defendant's resentencing will presumably be subject to newly created section 1171 and "any other changes in law" pursuant to section 1172.75, subdivision (d)(2).)

## DISPOSITION

The court's resentencing order issued on November 9, 2023, is vacated. The gang conviction (§ 186.22, subd. (a)) on count 8 and the gang enhancements (§ 186.22, subd.

---

[6]Defendant also asserts, and the Attorney General does not dispute, the amended abstract of judgment issued on November 15, 2023, incorrectly states the enhancement on count 7 was under section 186.22, subdivision (b)(4), although the trial court pronounced the enhancement imposed on this count was under section 186.22, subdivision (b)(1). We agree the court's oral pronouncement of judgment controls over the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Upon resentencing, the trial court must issue an amended abstract of judgment that correctly reflects the applicable statutory section for each count and enhancement.

(b)(1)) on counts 4 and 7 are reversed.  The prosecution shall have the opportunity to retry the gang conviction and enhancements.  The matter is remanded for further proceedings consistent with this opinion.

PEÑA, J.

WE CONCUR:


LEVY, Acting P. J.


SMITH, J.